IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES McCONICO, III,                ]
                                    ]
        Petitioner,                 ]
                                    ]
vs.                                 ]   CIVIL ACTION NO. 04-WMA-RRA-171-S
                                    ]
WARDEN JIM COOKE and                ]
THE ATTORNEY GENERAL FOR THE        ]
STATE OF ALABAMA,                   ]
                                    ]
        Respondents.                ]

**MEMORANDUM OPINION**

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, James McConico, III, was convicted on October 21, 1999, in the Circuit Court of Jefferson County, of heat of passion manslaughter.[1] He was sentenced on December 10, 1999, to a term of imprisonment for eighteen years.

On direct appeal, McConico claimed that:

1) the trial court erred in failing to advise him of his right to apply for treatment as a youthful offender;

2) the trial court erred in denying his motion for a judgment of acquittal;

3) the trial court erred in denying his requested jury instructions on criminally negligent homicide and heat-of-passion manslaughter;

4) the trial court erred in refusing his motion for funds to hire an independent expert;

---

[1] McConico was indicted for murder, made capital because it was committed during the course of a first degree robbery.

> 5) the indictment was invalid because there was no evidence that twelve or more grand jurors voted to indict him;
>
> 6) the trial court incorrectly applied the sentence enhancement provision of Ala. Code § 13A-5-6(a)(5);
>
> 7) the trial court erred in appointing him as co-counsel, without fully and completely advising him of all of the ramifications of his conduct; and
>
> 8) his conviction should be overturned based on his "newly discovered evidence."

The Alabama Court of Criminal Appeals affirmed his conviction and sentence in a memorandum opinion released on November 21, 2001. *McConico v. State*, 851 So.2d 361 (Ala. Crim. App. 2001)(table). McConico's application for rehearing was denied on December 21, 2001. The Alabama Supreme Court denied his petition for a writ of certiorari and issued a certificate of judgment on February 22, 2002. *Ex parte McConico*, 852 So.2d 213 (Ala. 2002)(table).

On March 28, 2000, before his direct appeal was final, McConico filed a Rule 32 petition attacking his manslaughter conviction. The Alabama Court of Criminal Appeals ordered that the petition be held in abeyance pending the outcome of his direct appeal. On March 6, 2002, the petitioner filed a motion for an extension of time to amend his Rule 32 petition. He was afforded until April 29, 2002, to file any amendment to his Rule 32 petition. McConico did not file an amendment until May 2, 2002. However, the court allowed the amendment. On September 3, 2002, without permission of the court, McConico filed another amendment to his Rule 32 petition, which the court also allowed.

In support of his petition, including his amendments, McConico claimed that:

> 1) he received ineffective assistance of counsel at trial because his attorney failed to object or advise the court "to rule on petitioner's motion for youthful [offender] treatment or comply with his duty to file his own motion for treatment of his client as a youthful offender";

2) he received ineffective assistance of counsel at trial because his attorney failed to object to the impermissibly suggestive "identification of him by Belverly Elwell in the courtroom during trial when she had never identified petitioner out of court because she was never shown a pre-trial lineup";

3) he received ineffective assistance of counsel at trial because his attorney failed "to object to the trial court not allowing witness John Candy to testify to what witness Belverly Elwell told him about what she witnessed";

4) he received ineffective assistance of counsel at trial because his attorney failed "to motion for ju[d]gment of acquittal on the crimes of murder and manslaughter at the close of the State of Alabama['s] case along with his motion for judgment of acquittal on the crime of capital murder";

5) he received ineffective assistance of counsel at trial because his attorney failed to "submit jury charge for reckless manslaughter and doesn't object to the trial court only charging the jury on heat of passion manslaughter";

6) he received ineffective assistance of counsel at trial because his attorney failed to "file a motion to dismiss the indictment due to the 1901 Constitution of Alabama is unconstitutional because it violates the Equal Protection Clause of the 14th Amendment of the U.S. Constitution" because it was adopted with the intent to create white supremacy;

7) he received ineffective assistance of counsel at trial because his attorney failed to "object to the trial court not allowing him to use states witness Belverly Elwell['s] exculpatory statement to the District Attorney Mahon 'that the two men that got into the black Cadillac both had guns' to establish petitioner didn't fire the fatal shot that killed James Mason";

8) he received ineffective assistance of counsel at trial because his attorney failed to argue that "the Constitution of the United States or the State of Alabama requires a new trial, a new sentence proceeding or other relief" because the conviction was obtained "on knowingly perjured testimony to prevent there [sic] witness Damien Benefield from being called as a witness in petitioner behalf by withholding states witness Belverly Elwell's statement that she saw the two gentlemen who got into the black Cadillac both had guns";

9) he received ineffective assistance of counsel at trial because his attorney failed to object to the trial court's failure to specifically recognize state's witness Dr. Gregory Davis, the medical examiner who performed the autopsy on the victim, as an expert witness;

10) he received ineffective assistance of counsel at trial because his attorney argued facts in closing arguments that were not introduced at trial;

11) he received ineffective assistance of counsel at trial because his attorney failed to object to the prosecutor arguing facts in his closing arguments that were not in evidence;

12) he received ineffective assistance of counsel on appeal because his attorney failed to raise his previous claims of ineffective assistance of trial counsel

13) he received ineffective assistance of counsel on appeal because his appellate counsel failed "to timely and properly file a motion to have the omitted parts of petitioner's trial transcript made apart [sic] of the trial transcript for consideration on direct appeal whether the trial court erred in denying petitioner funds to have [an] independent expert pathologist";

14) he received ineffective assistance of counsel on appeal because his appellate counsel failed to "request the motion for new trial hearing transcript as part of the record on appeal in support of petitioner's issue on appeal that he is entitled to a new trial based on newly discovered evidence";

15) he received ineffective assistance of counsel on appeal because his appellate counsel failed to "timely and properly file a motion to have the trial transcript timely supplemented on direct appeal for consideration on appeal whether the trial court erred in denying petitioner's motion to dismiss his indictment on the grounds 12 or more grand jurors didn't vote to indict the petitioner, the certificate of the foreman not conclusive evidence";

16) he received ineffective assistance of counsel on appeal because his appellate counsel failed to file a supplemental brief with the Alabama Court of Criminal Appeals raising the claim that he is entitled to be resentenced to a split sentence; and

17) he was entitled to be resentenced pursuant to the amended Split Sentence Act.

The trial court summarily denied the petition on February 18, 2003, finding each of his claims to be without merit.

On appeal from the denial of his Rule 32 petition, McConico raised all the claims he raised in his petition, and added claims that:

> 1) the trial court erred in failing to hold a hearing on his ineffective assistance of counsel claims; and
>
> 2) the trial court erred in not granting his motion for discovery.

On August 15, 2003, the Alabama Court of Criminal Appeals affirmed the denial of McConico's Rule 32 petition, finding that his discovery claim was not preserved for review and that the remainder of the claims were without merit. *McConico v. State*, 886 So. 2d 185 (Ala. Crim. App. 2003)(table). The Alabama Court of Criminal Appeals overruled McConico's application for rehearing on September 12, 2003. On November 7, 2003, the Alabama Supreme Court denied his petition for a writ of certiorari and issued a certificate of judgment.

On October 8, 2003, before the conclusion of the proceedings on his first Rule 32 petition, McConico filed a second Rule 32 petition. In his second petition, McConico argued that his trial attorney was ineffective because he failed to instruct private investigator Paul Martin to investigate or interview state's witness Belverly Elwell. The trial court summarily dismissed the petition on January 28, 2004, finding that the petition was "precluded by operation of law as the claim is successive to one filed on March 28, 2000, denied by this court on February 18th 2003 and affirmed by the Court of Appeals on August 15th, 2003.

The Alabama Court of Criminal Appeals affirmed the denial of his second Rule 32 petition in a memorandum opinion released on June 18, 2004. The court found that "the trial court is correct that this petition was successive and that McConico's additional claim of ineffective assistance of counsel is precluded" pursuant to Rule 32.2(d)of the Alabama Rules of Criminal Procedure. The court went further to state that McConico's claim that he could not have filed this claim earlier because it was "newly discovered" was without merit because the claim did not constitution newly

discovered evidence. The Alabama Court of Criminal Appeals overruled McConico's application for rehearing on July 16, 2004. On September 17, 2004, the Alabama Supreme Court denied his petition for a writ of certiorari and issued a certificate of judgment.

Before the state courts could consider his second Rule 32 petition, McConico filed a petition for a writ of habeas corpus in this court on January 28, 2004.[2] In support of his petition, McConico claims that:

> 1) he received ineffective assistance of counsel at trial because his attorney failed to object or advise the trial court to rule on his motion for youthful offender status;
>
> 2) he received ineffective assistance of counsel at trial because his attorney failed to object to the in-court identification of McConico by witness Belverly Elwell;
>
> 3) he received ineffective assistance of counsel at trial because his attorney failed to object to the trial court not allowing witness John Canoy to testify to what witness Belverly Elwell told him about what she witnessed;
>
> 4) he received ineffective assistance of counsel at trial because his attorney failed to move for a judgment of acquittal on the crimes of murder and manslaughter;
>
> 5) he received ineffective assistance of counsel at trial because his attorney failed to submit a charge of reckless manslaughter or to object to the trial court only charging the jury on heat of passion manslaughter;
>
> 6) he received ineffective assistance of counsel at trial because his attorney failed to file a motion to dismiss the indictment on the basis that the 1901 Alabama Constitution is unconstitutional because it violates the Equal Protection Clause of the United States Constitution;
>
> 7) he received ineffective assistance of counsel at trial because his attorney failed to object to the trial court not allowing him to use state's witness Belverly Elwell's exculpatory statement to the district attorney that "the two men that got into the black Cadillac both had guns" to establish that McConico did not fire the fatal shot that killed the victim;

---

[2] Additionally, it appears that McConico has at least a third Rule 32 petition currently pending in the state courts.

8) he received ineffective assistance of counsel at trial because his attorney failed to argue that the district attorney presented perjured testimony;

9) he received ineffective assistance of counsel at trial because his attorney failed to object to alleged expert witness Gregory G. Davis no being proffered as an expert witness by the State of Alabama;

10) he received ineffective assistance of counsel at trial because his attorney argued facts in closing arguments that were not introduced at trial;

11) he received ineffective assistance of counsel at trial because his attorney failed to object to the prosecutor arguing facts in his closing arguments that were not in evidence;

12) he received ineffective assistance of counsel on appeal because his attorney failed to timely and properly file a motion to have the omitted parts of McConico's trial transcript made a part of the trial transcript for consideration on direct appeal whether the trial court erred in denying McConico funds for an independent expert pathologist;

13) he received ineffective assistance of counsel on appeal because his attorney failed to request a transcript of the hearing on the motion for a new trial to support the claim that McConico is entitled to a new trial based on newly discovered evidence;

14) he received ineffective assistance of counsel on appeal because his attorney failed to request the transcript of the pretrial hearing in order to prove McConico's claim that the trial court erred in denying his motion for funds to hire an expert pathologist;

15) he received ineffective assistance of counsel on appeal because his attorney failed to raise the issue that the state obtained the conviction on knowingly perjured testimony to prevent their witness Damien Benefield from being called as a witness in McConico's behalf by withholding state's witness Belverly Elwell's statement that she saw the two "gentlemen" who got into the black Cadillac both had guns;

16) he received ineffective assistance of counsel on appeal because his attorney failed to have the trial transcript supplemented for consideration of whether the trial court erred in denying his motion to dismiss the indictment on the ground that twelve or more grand jurors did not vote to indict McConico, the certificate of the foreman not conclusive evidence;

17) he received ineffective assistance of counsel on appeal because his attorney failed to file a supplemental brief on appeal for reconsideration of the split sentence act; and

18) he is entitled to reconsideration of his sentence.

In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petition is due to be dismissed. The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. In response, McConico filed an unsworn traverse.

On November 4, 2004, McConico filed a motion to amend his habeas petition to add a claim that he received ineffective assistance of counsel at trial because his lawyer failed to instruct private investigator Paul Martin to investigate or interview state's witness Belverly Elwell. The motion was granted and the respondents were allowed time to respond to the amended claim. In their response, the respondents argued that the petitioner's new claim is barred by procedural default. McConico followed with an unsworn traverse.

Each of the petitioner's claims has been considered by the state courts and found to be without merit. Because McConico filed this petition after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), amending § 2254, these claims must be evaluated according to the standards as amended by the Act. *Lindh v. Murphy*, 117 S. Ct. 2059, 2063 (1997). Amended § 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

8

Thus, the petitioner can obtain relief on these claims only if he can establish that the Alabama Court of Criminal Appeals' adjudication of the claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)and (2). *See Neelley v. Nagle*, 138 F.3d 917 (11th Cir. 1998), *cert. denied*, 119 S. Ct. 811 (1999); *Schlager v. Washington*, 113 F.3d 763, 768 (7th Cir. 1997); *Hodges v. Hawes*, 955 F. Supp. 958, 964 (N.D. Ill. 1997).

The petitioner raised his first 18 claims in his first Rule 32 petition. In affirming the denial of those claims, the Alabama Court of Criminal Appeals released a 23-page memorandum opinion detailing and thoroughly analyzing the claims, and concluding that each claim was devoid of merit. *Respondents' Exhibit F*. The petitioner has not established that the Alabama Court of Criminal Appeals' adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, or that the decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The court concludes that the Alabama Court of Criminal Appeals' adjudication of these claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, and that the decision was not based on unreasonable determinations of the facts in light of the evidence presented in the state court proceedings. Thus, the petitioner's claims first 18 claims are due to be DISMISSED.

McConico's final claim, that he received ineffective assistance of counsel at trial because his lawyer failed to instruct private investigator Paul Martin to investigate or interview state's witness

Belverly Elwell, was presented to the Alabama Court of Criminal Appeals on appeal from the denial of his second Rule 32 petition and found to be procedurally barred. The Eleventh Circuit Court of Appeals has addressed claims that have been presented to a state court and held to be barred as follows:

> The federal courts' authority to review state court criminal convictions pursuant to writs of habeas corpus is severely restricted when a petitioner has failed to follow applicable state procedural rules in raising a claim, that is, where the claim is procedurally defaulted. Federal review of a petitioner*s claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, *Harris v. Reed*, 489 U.S. 255, 263 (1989), and that bar provides an adequate and independent state ground for denying relief. *See Id.* at 262; *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988). The doctrine serves to ensure petitioners will first seek relief in accordance with state procedures, see *Presnell v. Kemp*, 835 F.2d 1567, 1578-79 (11th Cir. 1988), *cert. denied*, 488 U.S. 1050 (1989), and to "lessen the injury to a State that results through reexamination of a state conviction on a ground that a State did not have the opportunity to address at a prior, appropriate time." *McCleskey v. Zant*, __ U.S. __, __, 111 S. Ct. 1454, 1470, 113 L. Ed. 2d 517 (1991).

*Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). Thus, if a claim has been previously presented in some form to a state court, a federal habeas court may refuse to hear that claim only if the last state court rendering the judgment "clearly and expressly" stated that its judgment was based on procedural bar. *Harris v. Reed*, 489 U.S. 255, 263 (1989).

The Alabama Court of Criminal Appeals was the last state court to render judgment on the petitioner's claim. In its opinion, the Alabama Court of Criminal Appeals clearly and specifically held that the claim was procedurally barred:

> The trial court is correct that this petition was successive and that McConico's additional claim of ineffective assistance of counsel is precluded. Rule 32.2(d), Ala. R. Crim. P states that "[a]ny claim that counsel was ineffective must be raised as soon as practicable, either at trial, or on direct appeal, or in the first Rule 32 petition, whichever is applicable. In no event can relief be granted on a claim of ineffective assistance of counsel of trial or appellate counsel raised in a successive petition."

10

The court concludes that it is clear from the record that the last state court to review the petitioner's claim "clearly and expressly" stated that its judgments rested on procedural bars, which were independent and adequate under state law. *See Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir. 1990). Hence, the petitioner's final claim is procedurally barred from review in this court, and it is due to be DISMISSED.

Moreover, even assuming that McConico could establish cause and prejudice to excuse the procedural default of this claim, the claim would be due to be dismissed. The petitioner's second Rule 32 petition was based on the same claim he raises here. After holding that the claim was procedurally barred, the Alabama Court of Criminal Appeals went further to find that the claim had no merit. *Respondents' Exhibit L*, pp. 4-9. The petitioner has not established that the Alabama Court of Criminal Appeals' adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The court concludes that the Alabama Court of Criminal Appeals' adjudication of this claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, and that the decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, the petitioner's claim that he received ineffective assistance of counsel at trial because his lawyer failed to instruct private investigator Paul Martin to investigate or interview state's witness Belverly Elwell would be due to be DISMISSED, if it were properly before the court.

An appropriate order will be entered.

DONE this 23rd day of November, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE