IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES MCCONICO, III, | } | |
| | } | |
| Petitioner, | } | CIVIL ACTION NO. |
| | } | |
| v. | } | 2:04-CV-171-WMA |
| | } | |
| WARDEN JIM COOKE, et al., | } | |
| | } | |
| Respondents. | } | |

## MEMORANDUM OPINION AND ORDER

Before the court is a motion for reconsideration filed by petitioner James McConico, III, on September 17, 2014. McConico, a prisoner incarcerated within the Alabama Department of Corrections, requests that this court reconsider its memorandum opinion and order, dated September 11, 2014. In the opinion and order, the court deemed McConico's notice of appeal and motion for certificate of appealability regarding the court's August 4, 2014, order to be untimely filed and declined to issue the certificate.

This court once again recognizes its mistake. While the clerk's office marked the notice and motion as received on September 8, 2014, McConico's notice of appeal, motion, and accompanying affidavit all state that he placed the documents in the prison's institutional mailbox on September 2, which was within the time to appeal this court's order. "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." R. Governing § 2254 Cases in U.S. Dist. Cts. 3(d); *see*

*also Houston v. Lack*, 487 U.S. 266 (1988) (holding that an appeal of a dismissal of a habeas corpus petition is timely if delivered to prison authorities by a prisoner-petitioner for forwarding within the thirty-day deadline). This court concedes its error and will now treat McConico's motion for certificate of appealability as timely filed. Consequently, this court's order dated September 11, 2014, is VACATED, and the following is substituted in its place.

If a petitioner is detained as a result of process issued by a state court, an appeal may not be taken from his habeas corpus proceeding unless a district or circuit judge issues the petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012); Fed. R. App. P. 22(b)(1). Such certificate shall only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In McConico's Rule 60(b) motion, the denial of which he is now appealing,[1] he asserts that relief is due to be granted for two reasons: in this court's original memorandum opinion and order dismissing McConico's petition, "(1) there [was] no resolution of

---

[1] It is important to note that this court is unable to reconsider its ruling on McConico's motion for relief from judgment, filed on July 29, 2014. The court lost jurisdiction over the matter once McConico appealed the decision. This court may only consider whether a certificate of appealability is due to be issued.

his claims on the merits, and (2) there was a defect in the integrity of the federal habeas proceedings, when the assigned magistrate judge did not issue a report and recommendation." (Doc. 54 at 2-3).

McConico's first ground for relief is meritless. An application for writ of habeas corpus is due to be granted if the adjudication of the petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (2012). In this court's memorandum opinion and order dated November 23, 2005, the court listed each of the claims alleged by McConico; each was presented to and rejected by the Alabama Court of Criminal Appeals. This court considered the Court of Criminal Appeals' decision and concluded:

> The Alabama Court of Criminal Appeals' adjudication of these claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, and . . . the decision was not based on unreasonable determinations of the facts in light of the evidence presented in the state court proceedings.

(Doc. 34 at 9). This court considered each of McConico's claims, applied the appropriate standard of review (including application of procedural bars), and determined that none of the presented grounds warranted granting his petition. Nothing more is required; there is no independent requirement that the court discuss the

merits of all nineteen of McConico's claims separately. Therefore, because McConico has not substantially shown a denial of a constitutional right, his first stated ground for issuance of a certificate of appealability is unavailing.[2]

Similarly, McConico's claim "that there was a defect in the integrity of the federal habeas proceedings, when the assigned magistrate judge did not issue a report and recommendation" is insufficient. (Doc. 54 at 2-3). In support, McConico cites 28 U.S.C. § 636(b)(1)(C), which states that "the magistrate shall file his proposed findings and recommendations . . . with the court." From this, he concludes that the failure to do so prejudiced him and warrants granting his Rule 60(b) motion. (Doc. 57 at 2). McConico cites no authority, however, to show that this in any way affects his constitutional rights.

This court has only located a single case in which a habeas corpus petitioner raised such an argument. In *Toland v. Walsh*, the magistrate did not issue a report and recommendation addressing the plaintiff's petition, but instead the district court issued a memorandum opinion and order dismissing the petition after the issues were fully briefed. No. 9:04-CV-0773(GLS), 2008 WL 657247 (N.D.N.Y. 2008). The petitioner argued that this deprived him of

---

[2]This court recognizes that McConico's claim could be construed as an attack on the merits of the original decision, triggering the jurisdictional requirements for successive habeas petitions under 28 U.S.C. § 2244. The court finds, however, that the claim is properly construed as an attack on the court's process in rendering its decision, so the court does not consider McConico's Rule 60(b) motion to be an improper successive habeas petition. *See Williams v. Chatman*, 510 F.3d 1290, 1293-94 (11th Cir. 2007).

the opportunity to file objections to the magistrate's non-existent report and recommendation, but the court rejected this argument. *Id.* at *2-3. The court found that a district court may implicitly rescind a referral of an action to a magistrate and address the claims itself, once they are fully briefed. *Id*. at *3. The court in *Toland* found no injustice in its fair and expedient resolution of the action; neither will this court do so today. Because this court conducted its own *de novo* review of the action before dismissing the petition, McConico's constitutional rights were not violated by this court's disposition without aid of the magistrate's report and recommendation. *See Jones v. Frank*, 28 F. Supp. 2d 956, 958 n.1 (E.D. Penn. 1998) (completing its own *de novo* review of the entire petition in lieu of a magistrate's report and recommendation).

## CONCLUSION

The court's order of September 11, 2014, is VACATED. Because neither of McConico's listed grounds demonstrates a substantial denial of a constitutional right, rendering the resolution of the current petition debatable among reasonable jurists, McConico's motion for a certificate of appealability is DENIED. He may, of course, request such certificate from the Court of Appeals.

DONE this 23rd day of September, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE